### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF CONNECTICUT
### HARTFORD DIVISION

```
------------------------------------------------- x
In re:                                            :
                                                  :  Chapter 11
                                                  :
AFFINITY HEALTH CARE                              :
MANAGEMENT, INC., et al.,                         :  Case No. 08-22175 (ASD)
                                                  :  Jointly Administered
                   Debtors.                       :
                                                  :
                                                  :
------------------------------------------------- x
```

### APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AUTHORITY TO RETAIN AND EMPLOY NEUBERT, PEPE & MONTEITH, P.C. AS COUNSEL

The applicant, the Official Committee of Unsecured Creditors of Affinity Health Care Management, Inc. *et al.* (the "Creditors' Committee"), seeks an order, pursuant to sections 105, 330 and 1103 of title 11, United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and D. Conn. LBR 2014-1, authorizing the retention and employment of the law firm Neubert, Pepe & Monteith, P.C. ("Neubert, Pepe & Monteith") as counsel in the above-captioned chapter 11 cases. In support of its application (the "Application"), the Creditors' Committee represents as follows:

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2.      On October 14, 2008, Affinity Health Care Management, Inc., Health

Care Reliance, LLC, Health Care Assurance, LLC, Health Care Alliance, Inc., and Health

Care Investors, Inc. (collectively, the "Debtors") filed voluntary petitions for relief under

Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 1101, *et seq.* in the

Southern District of New York.

3.     On October 22, 2008, the Court granted the Debtors' motions for joint

administration of their bankruptcy cases under Case No. 08-14018 ALG.

4.     On October 30, 2008, these cases were transferred to the United States

Bankruptcy Court for the District of Connecticut, Hartford Division, under Case No. 08-

22175 ASD.

5.     On November 4, 2008, the United States Trustee for the District of

Connecticut appointed the Creditors' Committee pursuant to section 1102(a)(1) of the

Bankruptcy Code. A list of the members of the Creditors' Committee is attached hereto

as Exhibit A.

6.     The Creditors' Committee believes it requires legal counsel to represent its

interests in this chapter 11 proceeding.   Accordingly, on November 6, 2008, the

Creditors' Committee held its first telephonic meeting, at which a majority, if not all, of

its members were present, and selected the law firm of Neubert, Pepe & Monteith to

serve as counsel in this case.

7.     The Creditors' Committee has requested that Neubert, Pepe & Monteith,

serve as its general counsel to assist it in all aspects of this case, including:

(a)     providing legal advice to the Creditors' Committee with respect
to its duties and powers in this case;

(b)     assisting the Creditors' Committee in its investigation of the acts,
conduct, assets, liabilities, and financial conditions of the Debtors,
the operation of the Debtors' businesses, the desirability of the
continuance of such businesses, and any other matters relevant to

2

the case and the formulation of a plan of reorganization;

(c) reviewing and analyzing all applications, motions, orders, and schedules filed with the Court by the Debtors or third parties, including motion or motions for appointment of a Trustee, advising the Creditors' Committee as to their propriety, and, after consultation with the Creditors' Committee, taking appropriate action;

(d) assisting the Creditors' Committee in the negotiation and formulation of a plan of reorganization;

(e) conferring with the accountants and any other professionals retained by the Creditors' Committee, if any, so as to advise the Creditors' Committee and the Court more fully of the Debtors' operations, the sale process, and/or any potential plan of reorganization;

(f) assisting the Creditors' Committee in the determination of whether to sell assets of the Debtors and, if so, how to obtain the highest and best price;

(g) providing such other legal advice and services as are necessary to assist the Creditors' Committee in performing its duties under the Bankruptcy Code; and

(h) advising the Creditors' Committee regarding the health law and regulatory consequences of actions taken or proposed to be taken by parties in these cases, including possible appearances before regulatory agencies.

8.     The Creditors' Committee wishes to retain Neubert, Pepe & Monteith because of the firm's experience in chapter 11 cases, in health law, and in litigation. It believes Neubert, Pepe & Monteith possesses legal expertise in the areas of law relevant to this case. The Creditors' Committee believes Neubert, Pepe & Monteith is qualified to represent it in this case. Neubert, Pepe & Monteith has represented to the Creditors' Committee that all attorneys who appear on its behalf are or will be admitted to practice in this Court.

Neubert, Pepe & Monteith intends to apply to the Court for compensation for professional services rendered and for reimbursement of expenses incurred in connection with these cases pursuant to sections 330 and 331 of the Bankruptcy Code, Bankruptcy

Rule 2016, the Local Rules of this Court, and the orders in this case. Neubert, Pepe & Monteith will charge the Creditors' Committee for its legal services on an hourly basis.

9.      Neubert, Pepe & Monteith will also bill for out-of-pocket expenses made on behalf of the Creditors' Committee, including photocopying, postage and package deliveries, court fees, transcripts, travel expenses, and computer-aided research in accordance with practices in this District.

10.     To the best of the Creditors' Committee's knowledge, and except as disclosed in the affidavit of Mark I. Fishman (the "Fishman Affidavit") attached hereto, Neubert, Pepe & Monteith does not have any relationships with the Debtors, their creditors, or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.

11.     Based on the Fishman Affidavit, the Creditors' Committee believes that Neubert, Pepe & Monteith does not represent any adverse interest to unsecured creditors in connection with these cases.

12.     The Creditors' Committee seeks the entry of an Order authorizing the retention and employment of Neubert, Pepe & Monteith, effective November 6, 2008, which was the date that the Creditors' Committee selected Neubert, Pepe & Monteith as its counsel.

13.     Notice of this Application has been given to the United States Trustee, the Attorney General, Debtors' counsel and, by ECF filing, to all appearing parties who utilize the ECF system.

14.     No previous application for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Creditors' Committee respectfully requests that the Court enter an Order:

(a)    authorizing it to retain and employ the firm of Neubert, Pepe & Monteith as counsel to the Creditors' Committee in the above-captioned cases on the terms and conditions set forth in this Application, effective as of November 6, 2008;

(b)    authorizing the payment and reimbursement of Neubert, Pepe & Monteith's fees and disbursements from the Debtors' estates upon submission of interim and final fee applications in accordance with sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and D. Conn. LBR 2016-1 and approval of such applications by the Court; and

(c)    granting such other and further relief as is just and proper.

Dated: November  19 , 2008
       New Haven, Connecticut

OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF
AFFINITY HEALTH CARE
MANAGEMENT, INC. *et al.*

By: _____
JoAnn Billman, National Facility Bankruptcy Lead
for Value Healthcare Services, LLC
Chairman of the Creditors' Committee