**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

|  |  |  |
|---|---|---|
| In re: | x : : | Chapter 11 |
| AFFINITY HEALTH CARE MANAGEMENT, INC., *et al*,[1] | : : : | Case No. 08-22175 (ASD) |
|  | : | (Jointly Administered) |
| Debtors. | : |  |
|  | x | December 30, 2008 |

**APPLICATION FOR AN ORDER AUTHORIZING THE EMPLOYMENT OF
EISEMAN LEVINE LEHRHAUPT & KAKOYIANNIS, P.C. AS COUNSEL
FOR THE DEBTORS AND TO TERMINATE THE
<u>RETENTION OF HOFHEIMER, GARTLIR & GROSS, LLP</u>**

Affinity Health Care Management, Inc. ("Affinity"), Health Care Investors, Inc. d/b/a Alexandria Manor ("Alexandria"), Health Care Alliance, Inc. d/b/a Blair Manor ("Blair"), Health Care Assurance, L.L.C. d/b/a Douglas Manor ("Douglas"), and Health Care Reliance, L.L.C. d/b/a Ellis Manor ("Ellis") (collectively, the "Debtors"), as Debtors and Debtors-in-Possession, hereby seek an Order of this Court pursuant to section 327(a) of Title 11 of the United States Code (the Bankruptcy Code"), and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedures and D.Conn. LBR 2014-1,

---

[1] Affinity Health Care Management, Inc., Case No. 08-22175, Health Care Investors, Inc. d/b/a Alexandria Manor, Case No. 08-22177, Health Care Alliance, Inc. d/b/a Blair Manor, Case No. 08-22178, Health Care Assurance, L.L.C. d/b/a Douglas Manor, Case No. 08-22179, and Health Care Reliance, L.L.C. d/b/a Ellis Manor, Case No. 08-22180.

authorizing it to employ Eiseman Levine Lehrhaupt & Kakoyiannis, P.C. ("ELLK") as substituted counsel and to terminate the employment of Hofheimer Gartlir & Gross, LLP ("HGG"), as counsel for the Debtors as of January 1, 2009, and respectfully represents:

1. On October 14, 2008, (the "Petition date"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the Bankruptcy Code in the Southern District of New York and since that time has continued to operate as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. On October 22, 2008, the United States Bankruptcy Court for the Southern District of New York entered an Order in this case directing procedural consolidation and joint administration of the case, with the Chapter 11 Bankruptcy Case of Affinity.

3. On October 30, 2008, the United States Bankruptcy Court for the Southern District of New York entered an Order transferring venue of these Chapter 11 proceedings of Affinity and its Affiliates to the District of Connecticut, Hartford Division.

4. Affinity is a New York corporation that is engaged in the business of managing nursing homes. It manages four affiliated companies (Alexandria, Blair, Douglas and Ellis) (collectively, the "Affiliates"), who operate nursing homes. Alexandria is a corporation that is engaged in the business of operating a skilled 120-bed nursing home. It is located at 55 Tunxis Avenue, Bloomfield, Connecticut 06002-2005. Douglas is a limited liability company that is engaged in the business of operating a skilled 90-

bed nursing home. It is located at 103 North Avenue, Windham, Connecticut 06250-0044. Ellis is a limited liability company that is engaged in the business of operating a skilled 105-bed nursing home. It is located at 210 George Street, Hartford, Connecticut 06114-2823. Collectively, the Debtors have approximately 500 employees and annual revenues of approximately $40,000,000.

5.   The Debtors initially selected HGG as their counsel and HGG was retained pursuant to an order of this Court dated December 5, 2008. The lead attorney at HGG was Gary B. Sachs who was in charge of the Debtors' proceedings. Effective January 1, 2009, Mr. Sachs will no longer be associated with HGG and will become a member of ELLK. As such, the Debtors desire to substitute ELLK as counsel to the Debtors and to terminate the retention of HGG effective as of January 1, 2009.

6.   The Debtors have paid no funds to ELLK to act as counsel to the Debtors and to represent them as debtors and debtors-in-possession in this case.

7.   The professional services that ELLK is to render to the Debtors may be summarized as including:

(a)   legal advice with respect to the Debtors' powers and duties as Debtors-in-Possession in accordance with the provisions of the Bankruptcy Code in the continued management of the Debtors' property and affairs;

3

  (b) to prepare, on behalf of the Debtors, all necessary applications, motions, answers, orders, reports and other legal documents required by the Bankruptcy Code and Federal Rules of Bankruptcy Procedure.

  (c) to perform all legal services for the Debtors, which may be necessary in connection with the Debtors' attempt to reorganize the Debtors' affairs under the Bankruptcy Code, in connection with these chapter 11 cases, and

  (d) to assist the Debtors in their attempt to market their business for additional equity investment or for sale as a going concern, or the development and implementation of a plan of liquidation or reorganization.

  8. The Debtors propose to compensate ELLK upon allowance by the Court based upon its normal hourly rates which are adjusted at least annually. ELLK's current rates range from $425 to $550 per hour for partners' time, between $225 to $395 per hour for associates' time, and between $100 to $175 per hour for paralegals' time. Our rates are adjusted at least once on an annual basis. The United States Trustee, the court, the Debtors, the creditors' committee, if any, will be advised of any rate changes.

  9. The Debtors will be filing a motion requesting that the Court enter an order permitting monthly compensation to the professionals in this proceeding at 80% of their monthly bills for fees and 100% of disbursements.

10. To the best of the Debtors' knowledge, ELLK has no connection with the Debtors' creditors or any other parties in interest or their respective attorneys except Gary B. Sachs was a member of HGG through 12/31/08.

11. To the best of the Debtors' knowledge, ELLK represents no interest adverse to the Debtors, or their estate or any other interested person in the matters with respect to which ELLK is being retained by the Debtors.

12. The Debtors submit that the retention of ELLK is necessary and is in the best interests of their estates.

13. The Debtors submit ELLK is a "disinterested person" as that term is defined in §101(4) of the Bankruptcy Code in that said firm:

(a) is not a creditor, an equity security holder or insider of the Debtors;

(b) is not and was not, with two (2) years before the date of the filing of the petition, a director, officer, or employee of the Debtors; and

(c) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

14. The Debtors request that the Court approve the employment of ELLK as substitute counsel <u>nunc</u> <u>pro</u> <u>tunc</u> to January 1, 2009, the date on which Gary B. Sachs

5

became a member of ELLK and began performing services at ELLK for the Debtors, and that the Court terminate the employment of HGG as of January 1, 2009.

**WHEREFORE,** the Debtors respectfully request that the Court enter an order, authorizing the employment of ELLK as substitute counsel and terminating the employment of HGG as of January 1, 2009, and such other and further relief as is just and proper.

AFFINITY HEALTH CARE
MANAGEMENT, INC., ET AL


By: /s/ Benjamin Z. Fischman
**Benjamin Z. Fischman, President
Affinity Health Care Management, Inc., et al**

Bridgeport/72743.1/JXG/734857v1