**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

_____ x
In re:                              :
                                    :   Chapter 11
AFFINITY HEALTH CARE                :
MANAGEMENT, INC., *et al*,[1]       :   Case No.  08-22175 (ASD)
                                    :
          DEBTORS                   :   (Jointly Administered)
_____ x   Re: Doc. I.D. No. 796

ORDER GRANTING DEBTORS' MOTION FOR ORDER UNDER SECTIONS 105, (b), 1129 AND 1142 OF THE BANKRUPTCY CODE AND FED. R. BANKR. P. 2002, 6004, 9006 AND 9007, IN AID OF CONFIRMATION, AUTHORIZING THE DEBTORS TO ENTER INTO CERTAIN AGREEMENTS IN CONNECTION WITH AN ANTICIPATED EXIT FUNDING FACILITY AND FOR AUTHORITY TO INCUR AND PAY FEES AND COSTS IN CONNECTION THEREWITH

This matter coming before the Court on the May 6, 2010 Motion of Affinity Health Care Management, Inc., et. al., Debtors and Debtors-in-possession (the "Debtors"), for an Order Under Sections 105, 363(b), 1129 and 1142 of the Bankruptcy Code And Fed. R. Bankr. P. 2002, 6004, 9006 and 9007, Authorizing The Debtors To Enter Into Certain Agreements In Connection With An Anticipated Exit Funding Facility And For Authority To Pay Fees And Costs In Connection Therewith (the "Exit Funding Facility Motion"). Based on the record herein, and the representation by the Center for Medicare and Medicaid Services (CMS) to Health Capital Receivables Funding Administrative Corporation, a New York corporation ("HCI") that, CMS, having performed a cursory review of its records on May 11, 2010, and not warranting that the review is complete and exhaustive, is not presently aware of recoupments, for all periods prior to the date hereof, exceeding $20,000 in the aggregate across all four Debtor facilities (Alexandria, Blair, Douglas and Ellis), it is hereby

---

[1] Affinity Health Care Management, Inc., Case No. 08-22175, Health Care Investors, Inc. d/b/a Alexandria Manor, Case No. 08-22177, Health Care Alliance, Inc. d/b/a Blair Manor, Case No. 08-22178, Health Care Assurance, L.L.C. d/b/a Douglas Manor, Case No. 08-22179, and Health Care Reliance, L.L.C. d/b/a Ellis Manor, Case No. 08-22180.

**ORDERED** that the Motion is **GRANTED**, and the Debtors' entry into the Letter of Intent with respect to an anticipated Exit Funding Facility to be provided to the Debtors (the "LOI") by HCI, pursuant to the LOI attached to the Motion as Exhibit A, and the Debtors payment of the fees and Costs as provided in the LOI and the performance of the Debtors' duties thereunder, are hereby **APPROVED**: and it is further

**ORDERED** that, without limitation thereof, the Debtors are authorized to pay outside the ordinary course of its business to HCI the Due Diligence Deposit in the sum of $50,000, and it is further

**ORDERED** that the Debtors obligations under the LOI and under all other documents and instruments comprising the Exit Funding Facility (to wit, the Nonrecourse Health Care Accounts Receivable Purchase Agreement with HCI, as the same may be assumed, modified and ratified by the Ratification, Assumption and Amendment Agreement and all documents and instruments delivered in connection therewith, as may thereafter be amended, from time to time (collectively, the "Exit Funding Facility") are actual necessary costs of preserving the Debtors' estates and shall be treated as allowed administrative expenses under §503(b) of the Bankruptcy Code (subject, in the case of the legal fees of HCI, to such fees being reasonable and approved by the Court, with Fee Applications to be submitted by HCI's counsel for both the Post-Petition Funding Facility and the Exit Funding Facility by no later than 60-days after the Effective Date of the Plan), and the Debtors may also incur and pay all other obligations under the LOI and the Exit Funding Facility, without further notice, order or a hearing, as and when they become due, except as to legal fees as aforesaid, and the Debtors, the Reorganized Debtors and all parties in interest are hereby, upon

confirmation of the Plan, authorized and empowered and directed to take any and all actions, and to execute, perform and deliver any documents or instruments, required or necessary to be delivered in connection with the Exit Funding Facility, such documents, as of the Effective Date, to constitute the valid, legal and binding obligations of the Debtors and of the Reorganized Debtors, and the Court FINDS, for the reasons set forth in, and based on the legal authorities cited in by the Debtors in the Exit Funding Facility Motion, that the sale by the Reorganized Debtors of Purchased Accounts and other Conveyed Property (as defined in the Purchase Agreement that is part of the Exit Funding Facility) to HCI thereunder will be a "true sale" of such Accounts and other Conveyed Property and that such sale will not be subject to re-characterization as a loan or a financing, and it is further

**ORDERED** that nothing herein or in the Plan shall release the Debtors from their obligations and duties under the Post-Petition Funding Facility, and the security interests and liens previously granted to Health Capital Receivables Funding Special Purpose Corporation I, a New York corporation ("HCRFSPC") and its assignee, HCI, shall remain valid and enforceable, through and after the Effective Date and shall not be discharged, terminated, satisfied or released on the Effective Date or thereafter and shall, without any further act, continue thereafter, in full force and effect, subject to the terms of the Exit Funding Facility, and it is further

**ORDERED** that the Exit Funding Facility and the sale and purchase of Accounts and other Conveyed Property and the advances and financial accommodations by HCI thereunder with respect to the same were entered into in good faith, and it is further

3

**ORDERED** that notwithstanding the foregoing, until confirmation of the Plan and consummation of the Plan, on the Effective Date thereof, no Accounts and other Conveyed Property shall be sold to HCI under the Exit Funding Facility nor shall HCI receive any collateral from the Reorganized Debtors under the Exit Funding Facility, all of which shall be subject to confirmation and consummation of the Plan, including, among other things, to successful closing on the HUD restructurings and the resulting savings and related reduction of the rents due by the Reorganized Debtors to their landlords, post-confirmation, with fundings until the Effective Date, pursuant to such further weekly extensions of the Post-Petition Funding Facility as the Debtor and HCI may, in their discretion, agree upon, from time to time, in written amendments to the Purchase Agreement, to be made by HCI under and on the terms of the Post-Petition Funding Facility approved by this Court's order entered November 20, 2009, as modified, in minor respects, nunc pro tunc, by this Court's Order of December 30, 2009, and it is further

**ORDERED** that in furtherance of the Exit Funding Facility, the Reorganized Debtors and their affiliates and other persons granting liens and security interests relating to the Exit Funding Facility, and/or HCI, are authorized to file or record financing statements, notices of lien and similar instruments, and take any and all actions to validate and perfect the security interests granted to HCI under the Exit Funding Facility. The Debtors and Reorganized Debtors and their guarantors shall execute and deliver to HCI all such agreements, financing statements, instruments and other documents that HCI may require, on terms and conditions substantially in accordance with the terms of the HCI exit funding letter dated May 5, 2010, including any changes agreed to by the

4

Debtor and HCI after the date thereof as necessary and appropriate to effectuate the Exit Funding Facility, and to more fully evidence, confirm, validate, preserve and enforce the Exit Funding Facility and the security interests arising thereunder or related thereto. All such documents will be deemed to have been recorded and filed as of the Effective Date of the Plan, and all documents necessary to implement the Exit Funding Facility shall, upon execution and occurrence of the Effective Date, be valid, binding and enforceable agreements, and it is further

**ORDERED** that notwithstanding anything in this Order or the Plan to the contrary, the security interests, liens, priorities, interests, remedies, protections and other rights granted to HCI under or arising in connection with the Post-Petition Funding Facility, as amended from time to time prior to the date hereof, shall remain in full force and effect, including between the date of this Order and the Effective Date, until all Obligations and Indebtedness to HCI under the Post-Petition Funding Facility have been satisfied in full, and it is further

**ORDERED**, that the Debtors and the Reorganized Debtors and their respective officers, directors, members, attorneys and agents are authorized and empowered from and after the date hereof to negotiate, execute, deliver and implement the Exit Funding Facility and the contracts, instruments and other agreements called for by the same (including any modifications to the draft documents circulated with the Plan) and to take any actions necessary or appropriate to implement and effectuate the same, without further Order of the Court, and it is further

**ORDERED** that this Order shall be immediately enforceable upon the entry hereof, and the stay set forth in Fed. R. Bankr. P. 6004(h) shall not apply, and it is further

**ORDERED** that this Order shall be binding on all parties in these jointly administered cases and their respective successors and assigns, including on all successors of any of the Debtors, including any Chapter 7 or Chapter 11 trustee, and any plan agent, administrator or trustee, no matter how denominated, and it is further

**ORDERED** that the provisions and effect of this Order, any actions taken pursuant to this Order and the respective rights, obligations, remedies and protections provided for herein and therein shall survive the conversion, dismissal or closing of these Chapter 11 cases, appointment of a trustee herein, or the substantive consolidation of these chapter 11 cases with any other case or cases, and the terms and conditions of this Order shall continue in full force and effect notwithstanding the entry of any such Order, and it is further

**ORDERED** that nothing in this Order or in the Exit Funding Facility impairs the security interests and other rights held by HCI as to any non-debtor third party, and it is further

**ORDERED**, that if, after the Effective Date, this Order and/or the Order confirming the Plan is vacated or reversed and the Exit Funding Facility is still in effect, then as applicable:

a. The vacatur or reversal of this Order or the Order confirming the Plan shall not adversely affect the validity or priority of any obligations incurred by the Reorganized Debtors arising in connection with the Exit Funding Facility or any security

6

interests, liens, guarantees, or claims or rights granted to HCI pursuant to the Exit Funding Facility and this Order prior thereto.

b.  The terms and conditions of the Exit Funding Facility, as in effect at the time of the vacatur or reversal of this Order and/or the Confirmation Order, shall be binding on the Reorganized Debtors and HCI shall enjoy the same priority of security interests and liens as was granted to it under the Exit Funding Facility.

c.  Any liens, security interests, rights or claims granted to HCI pursuant to the Exit Funding Facility shall be deemed to have been granted by, and shall become and remain, the obligations of the predecessors in interest of the Reorganized Debtors.

**ORDERED** that the Court retains jurisdiction to hear and determine all matters relating to the LOI or this Order, provided, however, that the Bankruptcy Court's retention of jurisdiction shall not govern the enforcement of the instruments and documents executed and delivered in connection with the Exit Funding Facility or any security interests, liens, rights or remedies related thereto except to the extent that this Order and/or the Confirmation Order has been vacated or reversed, but instead, such enforcement shall be governed as set forth in the instruments and documents which comprise the Exit Funding Facility, and it is further

**ORDERED**, that nothing in this Order or in any agreement between HCI and any of the Reorganized Debtors shall impair, modify or affect Medicare's right of recoupment, if any.

Dated: May 11, 2010                                                                BY THE COURT

*Albert S. Dabrowski*
United States Bankruptcy Judge

7

8